*Douglas v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand eighteen.**

PRESENT:

>ROBERT A. KATZMANN,
>>*Chief Judge*,
>PIERRE N. LEVAL,
>>*Circuit Judge,*
>RICHARD M. BERMAN,
>>*District Judge.*[*]

---

ARIEL DOUGLAS,

>*Plaintiff-Appellant*,

>v.

CITY OF NEW YORK, POLICE OFFICER ANTHONY DIFRANCESCA, Shield No. 04200, POLICE SERGEANT BRIAN BYRNES, Shield No. 969, and POLICE OFFICER JEROME ALLEN, Shield No. 27302,

>*Defendants-Appellees*,

JOHN DOES AND RICHARD ROES,

>*Defendants*

No. 17-1264

---

[*] Judge Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:    JEFFREY A. ROTHMAN, Law Office of Jeffrey A. Rothman, New York, NY.

For Defendants-Appellees:    JASON ANTON (Richard Dearing, *on the brief*), *for* ZACHARY W. CARTER, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **REVERSED IN PART**, and that the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Ariel Douglas ("Appellant") appeals from the March 29, 2017 judgment of the United States District Court for the Southern District of New York (Carter, *J.*) dismissing his claims under 42 U.S.C. § 1983 alleging false arrest, unreasonable seizure, excessive force, and other torts arising out of his arrest at a demonstration. The district court granted summary judgment to Defendant-Appellees City of New York, Police Officer Anthony DiFrancesca ("Officer DiFrancesca"), Police Sergeant Brian Byrnes ("Sergeant Byrnes"), and Police Officer Jerome Allen ("Officer Allen," and collectively, "Appellees") on all Appellant's claims. The district court also denied Appellant's motion for partial summary judgment. We assume the parties' familiarity with the facts, procedural history, and issues on appeal which we reference only as necessary to explain our decision.

**Background**[1]

On October 14, 2011, Appellant attended an Occupy Wall Street protest as an identified legal observer. During the protest, Officer DiFrancesca drove through a crowd of people on a police scooter, striking Appellant with the scooter. Appellant screamed and fell to the ground. As Appellant was on the ground (and still screaming), Officer DiFrancesca dismounted the scooter and proceeded to direct the crowd to back away. According to Appellant, his right foot, ankle, or lower leg was trapped under the scooter's rear wheel and in order to free himself he kicked the scooter over with his left foot. The scooter fell and sustained some damage, including a broken rearview mirror. Officer DiFrancesca, with the assistance of Sergeant Byrnes and Officer Allen, placed Appellant under arrest. In doing so, Officer DiFrancesca dragged Appellant, who was still on the ground, to a less crowded area. He then flipped Appellant onto his stomach, kneeled on Appellant's back, and pressed a nightstick into the back of Appellant's neck. The officers jostled Appellant so that his hands were behind his back all while Appellant was on the ground. During the arrest, Sergeant Byrnes made physical contact with Appellant and forced Appellant's right arm behind his back. Officer Allen, who assisted the two other officers, helped establish a perimeter around Appellant, Officer DiFrancesca, and Sergeant Byrnes.

Following his arrest, Appellant was taken to a local precinct and then to Bellevue Hospital in an ambulance where he reported injuries to his right arm, head, and ankles. He was treated and received "three or four stitches" for his head wound. Joint App'x at 98. Appellant was charged with criminal mischief in the fourth degree (for damaging the scooter) and resisting arrest. He was released on his own recognizance. The City offered to resolve the matter with an

---

[1] Much of what is discussed in this order was captured on video which is part of the record.

adjournment in contemplation of dismissal, but the offer was rejected by Appellant. All charges against Appellant were dismissed by the Criminal Court of New York City on January 10, 2014.

On May 13, 2016, Appellees moved for summary judgment on all claims. Appellant moved for partial summary judgment against Officer DiFrancesca with respect to his Fourth Amendment excessive force claim, and against Sergeant Byrnes and Officer Allen on his failure to intervene claim.

**I.      False Arrest Claim**

The district court ruled that Officer DiFrancesca, Sergeant Byrnes, and Officer Allen were entitled to qualified immunity because of the "objective reasonableness" of the officers' belief that there was probable cause to arrest Appellant. Special App'x at 6. In the context of § 1983 actions predicated upon allegations of false arrest, we have held that an arresting officer is entitled to qualified immunity so long as arguable probable cause was present when the arrest was made, i.e. where it was objectively reasonable for the officer to believe that probable cause existed, or officers of reasonable competence could disagree on whether the probable cause test was met. See Brown v. City of New York, 798 F.3d 94, 99-100 & n.7 (2d Cir. 2015).

We find there are material questions of fact concerning probable cause to arrest Appellant which should be presented to a jury. The questions include, among others, whether Appellant's leg was trapped under the scooter, whether he kicked over the scooter in order to free himself, and whether Officer DiFrancesca, Sergeant Byrnes, and/or Officer Allen were aware of this. Accordingly, we reverse the district court's grant of summary judgment in favor of Officer DiFrancesca, Sergeant Byrnes, and Officer Allen on the false arrest claim and remand that claim to the district court for trial.

4

The district court also granted summary judgment in favor of Appellees with respect to Appellant's claims for malicious prosecution, First Amendment retaliation, and abuse of process, after having concluded that Officer DiFrancesca, Sergeant Byrnes, and Officer Allen had probable cause (or arguable probable cause) to arrest and were entitled to qualified immunity. It found that the "objective reasonableness of the officers' belief that probable cause existed" defeated these claims. Special App'x at 6. Because we find that there are material questions of fact concerning probable cause to arrest, we also reverse the district court's grant of summary judgment on these related claims.

## II. Excessive Force Claims

The district court concluded that "the force used in executing Plaintiff's arrest was reasonable and the officers are entitled to qualified immunity." Special App'x at 8. Accordingly, the district court granted Appellees' motion for summary judgment as to Appellant's Fourth Amendment excessive force claim and denied Appellant's motion for partial summary judgment with respect to his Fourth Amendment excessive force claim.[2]

"The Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's reasonableness standard. Determining excessiveness requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Brown, 798 F.3d at 100 (citation and internal quotation marks omitted). In conducting this balancing, we consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is

---

[2] Appellant's Fourth Amendment excessive force claim was asserted in the Complaint against Officer DiFrancesca, Sergeant Byrnes, and Officer Allen. As noted, Appellant moved for partial summary judgment only against Officer DiFrancesca on this claim.

actively resisting arrest or attempting to evade arrest by flight. . . . The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham v. Connor, 490 U.S. 386, 396-97 (1989).

In reviewing this issue, we found the videos of the events of October 14, 2011 to be helpful. We conclude that there are material questions of fact which render summary judgment inappropriate as to Officer DiFrancesca and Sergeant Byrnes. These questions concern the need for the application of force which included dragging Appellant on the ground, kneeing him in the back, pressing a night stick on his neck, twisting his right arm behind his back, and subduing and cuffing Appellant while he was lying on the ground face down. In addition, there is a dispute of material fact about whether the scene of Appellant's arrest was chaotic or was at risk of becoming chaotic. While Appellees argue that there was a "surging crowd," Joint App'x at 186, Appellant asserts that the video evidence shows that "the crowd was standing around peaceably watching, filming, and photographing." Id. at 407. Moreover, although the district court found that there were "hundreds of protesters" at the scene, Special App'x at 7, Appellees concede that "there were approximately twenty to fifty people" (including police officers) at the time of Appellant's arrest. Joint App'x 186. Accordingly, we reverse the district court's grant of Appellees' summary judgment motion in favor of Officer DiFrancesca and Sergeant Byrnes and affirm the district court's denial of Appellant's partial summary judgment motion. We affirm the district court's grant of summary judgment in favor of Officer Allen because, among other things, as Appellant conceded below, "Officer Allen did not lay hands upon Plaintiff." Pl.'s

Reply Mem. of Law in Further Supp. of Pl.'s Mot. For Partial Summary Judgment, dated June 24, 2016, at 6 n.4.

Appellant's complaint also alleged that Officer DiFrancesca attacked him "with a motor scooter," Joint App'x at 17, and brought a due process claim against him under the Fourteenth Amendment for assault, battery, and trespass. The district court failed to discuss this claim. Appellees' motion for summary judgment on this claim was fully briefed below, see Defs.' Mem. of Law in Supp. of Defs.' Mot. for Summary Judgment, dated May 13, 2016, at 9-10, 12-13, 18; Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summary Judgment, dated June 10, 2016, at 14, and the district court's final judgment granted that motion. The claim is properly before this Court.

In analyzing a claim of excessive use of force in a non-seizure, non-prisoner context, this Court considers "the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 251-52 (2d Cir. 2001) (internal quotation marks omitted). We find disputes of material fact, including whether Officer DiFrancesca was driving or walking the scooter into the crowd, whether he acted intentionally in striking Appellant with the scooter, and whether he ran over and pinned Appellant's leg. Accordingly, we reverse the district court's grant of summary judgment in favor of Officer DiFrancesca.

**III.    Failure to Intervene Claim**

Appellees also moved for summary judgment on Appellant's failure to intervene claim, and Appellant moved for summary judgment on this claim against Sergeant Byrnes and Officer

7

Allen. The district court determined that "given the Court's ruling that DiFrancesca and Byrnes did not use excessive force in violation of Plaintiff's constitutional rights, Defendants are entitled to summary judgment as a matter of law. Assuming arguendo that excessive force was used, the Court also finds that the Defendants had no realistic opportunity to intervene in this incident which lasted less than one minute." Special App'x at 8 (internal quotation marks omitted).

Police officers are under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for their failure to do so if they observe the use of force and have sufficient time to act to prevent it. See O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988).

We are not persuaded by the district court's ruling that Officer DiFrancesca and Sergeant Byrnes did not use excessive force. Rather, we believe there are material questions of fact as to whether the force they used was excessive. Similarly, we are not persuaded on summary judgment that the officers had no realistic opportunity to intervene. Based upon video and other evidence, a jury could reasonably conclude that the officers did have enough time to stop their colleague(s) from using excessive force. "Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). Accordingly, we reverse the district court's grant of summary judgment on this claim and remand the claim to the district court for trial.

**IV.    Monell Claim**

Appellees moved for summary judgment on Appellant's Monell claim arguing, among other things, that Appellant had failed to establish that there was an official city policy or custom

which caused Appellant's constitutional rights to be violated. Appellant argued that there was a pattern of the New York Police Department committing civil rights violations when policing Occupy Wall Street protests.

The district court ruled that Appellant's <u>Monell</u> claim "fails as a matter of law due to the absence of an underlying constitutional violation. . . . But even if a violation existed, Plaintiff has not shown more than an isolated act of excessive force." Special App'x at 9. The district court also reasoned that Appellant had failed to "establish other instances of constitutional violations— which is needed to show a pattern or custom." <u>Id.</u> at 10.

To succeed on a <u>Monell</u> claim, a plaintiff must show that "(1) an official policy or custom [] (2) caused him to be subjected to (3) a denial of a constitutional right." <u>Batista v. Rodriguez</u>, 702 F.2d 393, 397 (2d Cir. 1983). We agree with the district court that Appellant has not provided sufficient evidence of an official policy or custom. Nor has Appellant shown that any such policy or custom caused a denial of his rights. Accordingly, we affirm the district court's grant of summary judgment on Appellant's <u>Monell</u> claim.

We have reviewed all of the parties' other arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED IN PART** and **REVERSED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

9